**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

COLLEEN LINEHAN, M.D.,

Plaintiff,

v.

Case No. 1:25-cv-12015
District Judge Michael C. Martin

COVENANT MEDICAL CENTER, INC., KEVIN BIRCHMEIER, and ADAM TOMPA,

Defendants.
_________________________________/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS (ECF No. 11) AND GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF No. 17)**

## I. INTRODUCTION

Plaintiff Colleen Linehan is a medical doctor and surgeon who brought this employment discrimination suit against Defendants Covenant Medical Center, Inc., Kevin Birchmeier, and Adam Tompa. (ECF No. 1.) Linehan's original complaint asserts a claim under the Family and Medical Leave Act (29 U.S.C. § 2611, *et seq.*), as well as state law claims for violation of the Elliott-Larson Civil Rights Act (MICH. COMP. LAWS § 37.2201, *et seq.*) and discharge in violation of Michigan public policy. Defendants moved to dismiss Linehan's state law claims only (Counts II–IV) under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.)

Defendants' sole argument is that Linehan's state law claims are untimely because they were brought after the 180-day limitations period established in Linehan's employment contract. (ECF No. 11, PageID.93.) After Defendants filed their motion to dismiss and after the window to amend as of right closed, Linehan moved for leave to file a first amended complaint. (ECF No. 17.) Linehan seeks to add an additional count for employment discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*). Defendants filed a response in opposition to the motion to amend. (ECF No. 18.)

For the reasons stated below, the Court denies Defendants' Motion to Dismiss (ECF No. 11) and grants in part and denies in part Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 17).

## II. FACTUAL BACKGROUND

Colleen Linehan, M.D., is a licensed medical doctor who specializes in orthopedic surgery. (ECF No. 1, PageID.3.) In August 2007, Linehan began working as an orthopedic surgeon at Saginaw Valley Bone and Joint and obtained privileges at Covenant Medical Center. (*Id.*) In March 2022, Linehan began raising safety concerns with Covenant's administrators. (*Id.* at PageID.3–4.) Specifically, Linehan states that her amount of on-call work was doubled because she was under the age of 55 and Covenant provided fewer resources to deal with the on-call work.

(*Id.*) Linehan also states that Covenant was not performing emergency surgery in a timely manner. (*Id.* at PageID.5.)

In February 2023, Linehan says she met with Kevin Birchmeier, Executive Vice President and Chief Operating Officer, and Adam Tompa, Vice President of Line Services. (*Id.* at PageID.6.) Linehan asserts that Birchmeier was dismissive of her concerns and "uttered a blatantly discriminatory, misogynistic comment," although Linehan's complaint provides no specifics about this comment. (*Id.*) Linehan says she continued reporting unsafe conditions after February 2023. (*Id.* at PageID.8.)

Linehan alleges that "Defendants' actions began to take a toll on [her]," but "Defendants' [sic] asked plaintiff to take a leave of absence as opposed to addressing the internal problems." (*Id.* at PageID.9.) On or about June 6, 2023, Linehan began FMLA-qualifying leave on an *intermittent* basis. (*Id.*) About a month later, Linehan began taking FMLA leave on a *continuous* basis. (*Id.* at PageID.11.) Linehan returned to work in September 2023. (*Id.*) Linehan says she suffered further retaliation and discrimination when she returned to work. (*Id.*)

On or about December 28, 2023, Tompa told Linehan she needed to sign her new contract by January 1, 2024, or she could no longer come to work. (*Id.*) Although previous contracts had been for two years, this contract was for twelve

months and altered the previous provision concerning awarding of bonuses. (*Id.* at PageID.12.)

On or about October 15, 2024, Linehan met with Tompa and Nall who advised Linehan that Covenant was not renewing her contract for an additional term. (*Id.* at PageID.13.) Linehan says she was not provided a reason for non-renewal of her contract, other than Tompa's statement that Linehan "did not 'fit' his vision" for an orthopedic group. (*Id.*) Linehan asserts that Covenant was actually "in the process of replacing plaintiff with a younger less qualified male surgeon." (*Id.* at PageID.14.) Linehan filed suit in this Court on July 3, 2025. (ECF No. 1.)

## III. STANDARD

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim tests the sufficiency of the plaintiff's pleadings by asking whether the plaintiff's complaint states a claim upon which relief may be granted. *See Bassett v. Nat'l College Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). When deciding this type of motion "a court should typically limit itself to the well-pleaded allegations within the complaint's four corners." *Blackwell v. Nocerini*, 123 F.4th 479, 486 (6th Cir. 2024) (citations omitted). Since the statute of limitations is an affirmative defense that is not typically pleaded in a complaint, "a

12(b)(6) motion is generally 'an inappropriate vehicle for dismissing a claim based upon a statute of limitations.'" *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (citing *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013)). However, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). In deciding a motion to dismiss, a court may consider "exhibits attached [to the complaint] . . . so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Federal Rule of Civil Procedure 15 provides that a party must obtain the opposing party's written consent or the court's leave if amending its pleading more than 21 days after serving it or more than 21 days after service of a motion under Rule 12(b). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "courts need not give leave to amend when doing so would be futile." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014). "Amending would be futile if a proposed amendment would not survive a motion to dismiss." *Id.*

## IV. ANALYSIS

### A. Defendants' Motion to Dismiss

Defendants argue that the Court must dismiss Linehan's state law claims as untimely because Linehan's employment contract sets forth a limitations period to bring state law claims and Linehan did not file within the prescribed period. To begin, the Court considers Linehan's employment contract in ruling on Defendants' Motion to Dismiss. In deciding a motion to dismiss, a court may consider "exhibits attached [to the complaint] . . . so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *see also Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) ("[I]n ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint *and exhibits attached thereto*.") (emphasis added). Because Linehan herself attached the employment contract to the complaint and referenced it throughout the complaint, the Court will consider the contract in ruling on Defendants' Motion to Dismiss. (ECF No. 1-1.)

Linehan's state law claims, over which this Court exercises supplemental jurisdiction pursuant to 28 U.S.C. § 1367, are governed by Michigan law. *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999) ("A federal

court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction."). The Michigan Supreme Court recently addressed how courts should analyze provisions in employment contracts that shorten the statute of limitations for discrimination claims. *Rayford v. Am. House Roseville I, LLC*, ---- Mich. ----, No. 163989, 2025 WL 2177754 (Mich. July 31, 2025). Pursuant to this decision, "courts must now first determine whether a challenged employment agreement is adhesive and, if so, apply *Camelot* to determine whether a shortened limitations period is reasonable." *Id.* at *15. The Michigan Supreme Court explained that "[w]hile this Court has not adopted one singular definition of 'adhesion contract,' our focus has consistently been on the bargaining power between the parties." *Id.* at *9. In *Rayford*, the Court held that a "boilerplate employment agreement that contained a shortened limitations period of 180 days . . . was adhesive." *Id.* at *17. The Court then analyzed the provision's reasonableness under the three-factor test established in *Camelot Excavating Co. v. St. Paul Fire & Marine Ins. Co.*, 410 Mich. 118 (1981). Under *Camelot*, a shortened limitations period "is reasonable if (1) the claimant has sufficient opportunity to investigate and file an action, (2) the time is not so short as to work a practical abrogation of the right of action, and (3) the action is not barred before the loss or damage can be ascertained." *Rayford*, 2025 WL 2177754 at *18. The Court then remanded the case to the Macomb

Circuit Court to develop a factual record to assess whether the contract provision was reasonable. *Id.* at *20.

Defendants assert that the limitations period in Linehan's employment contract is enforceable under *Rayford*. (ECF No. 11, PageID.101.) For Defendants to successfully argue that Linehan's claim is untimely at the motion to dismiss stage, it must be "'apparent from the face of the complaint that the time limit for bringing the claim[s] has passed.'" *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).

At this stage of proceedings, the Court cannot say that it is "apparent" from the complaint that Linehan's state law claims are time barred. Whether her employment agreement was a contract of adhesion under Michigan law is fact intensive and depends, in significant part, on the "bargaining power between the parties." *Rayford*, 2025 WL 2177754 at *15. The nature of the bargaining power in the medical profession between a medical center, on the one hand, and a highly trained surgeon on the other, is not readily apparent to the Court from the face of Linehan's complaint. Nor is it apparent from Linehan's complaint whether the statue of limitations period in her employment contract is "reasonable" under Michigan law. The multi-part *Camelot* test that Michigan uses to make this determination is also fact intensive and Linehan's complaint offers no details on

the subject. *See Camelot Excavating Co. v. St. Paul Fire & Marine Ins. Co.*, 410 Mich. 118 (1981). That, of course, is understandable. The statute of limitation "is an affirmative defense . . . and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citation omitted). "For this reason, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id.* Additional discovery and factual development may shed light on whether Linehan's employment contract was one of adhesion or otherwise reasonable. The Court therefore leaves this question to be addressed in a motion for summary judgment.

### B. Linehan's Motion for Leave to File First Amended Complaint

#### 1. Motion as to Covenant

Also before the Court is Linehan's motion for leave to file a first amended complaint. Linehan's proposed first amended complaint makes only one material change—adding a claim of employment discrimination under Title VII of the Civil Rights Act of 1964. (ECF No. 17, PageID.148.) Defendants argue that Linehan's Title VII claim is clearly barred by the 180-day contractual limitations period. However, in arguing that a contractually shortened limitations period is permissible under *Michigan law*, Defendants fail to recognize that Linehan proposes adding a

claim under Title VII, *a federal statute*. When a plaintiff brings a claim under a federal statute, thereby giving the federal court subject matter jurisdiction under 28 U.S.C. § 1331, federal substantive and procedural law govern the claim. *Cruz v. Don Pancho Mkt., LLC*, 171 F. Supp. 3d 657, 666 (W.D. Mich. 2016) ("In federal question cases, federal courts obviously apply federal substantive law and federal procedural law."). The Court therefore looks to Sixth Circuit precedent, rather than Michigan state law. The Sixth Circuit has held that "contractual clauses that purport to shorten the limitation period of Title VII to bring suit are not enforceable." *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 833 (6th Cir. 2019). Therefore, the contractual provision requiring Linehan to bring suit within 180 days does not apply to the Title VII claim.

Defendants next argue that Linehan has failed to allege exhaustion of administrative remedies. Before a plaintiff may bring a Title VII lawsuit, the plaintiff must exhaust administrative remedies. *Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002). "To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days." *Id.* (citing 42 U.S.C. § 2000e–5(e)). However, whether a plaintiff has exhausted administrative remedies is generally not appropriate to resolve at the motion to dismiss stage. *Bushong v. Delaware City School Dist.*, 851 F. App'x 541,

545 (6th Cir. 2021) ("Because the failure to exhaust is an affirmative defense, dismissal under Rule 12(b)(6) . . . is appropriate only if the face of the complaint shows that the plaintiff has not in fact exhausted her administrative remedies."); *Caldwell v. Steel Warehouse of Chattanooga*, No. 1:24-CV-00389-CLC-CHS, 2026 WL 2628843, at *2 (E.D. Tenn. Aug. 14, 2026), *R&R adopted*, No. 1:24-CV-389, 2026 WL 2628938 (E.D. Tenn. Sept. 4, 2026) ("Plaintiff was not required to plead exhaustion of administrative remedies."). Further, Linehan attaches the EEOC Right to Sue Letter to her proposed First Amended Complaint. (ECF No. 17-2, PageID.205.) This suggests that Linehan may have exhausted her administrative remedies before filing suit under Title VII in this Court. Finally, in addition to largely being unpublished and non-binding, the cases Defendants cite involve plaintiffs who did not produce right to sue letters. *See, e.g.*, *Sall v. Greater Burlington YMCA*, No. 2:20-CV-00214, 2023 WL 2585032, at *4 (D. Vt. Mar. 20, 2023) (complaint failed to plead that plaintiff filed notice with EEOC or received a right to sue letter); *Oparaji v. Teachers' Ret. Sys. of City of New York*, No. 23-CV-5212 (KMW), 2024 WL 3046120, at *6 (S.D.N.Y. June 18, 2024) (amended complaint did not allege that plaintiff filed timely charges with the EEOC or that he received a right-to-sue letter before initiating lawsuit). The parties should be permitted discovery on Defendants' affirmative defense, where Linehan most likely will be required to produce the charge of discrimination that she filed with

the EEOC. Should Defendants wish to pursue this matter, it may be more appropriate in a motion for summary judgment. When the parties submit their joint Rule 26(f) plan, they may account for a possible early Rule 56 motion limited solely to this issue, in addition to a Rule 56 motion following discovery.

Because Linehan's addition of the Title VII claim against Covenant will not be futile, the Court grants Linehan's motion for leave to amend her complaint to add the Title VII claim against Covenant.

**2. Motion as to Birchmeier and Tompa**

On the other hand, Linehan's addition of the Title VII claim would be futile as to Birchmeier and Tompa. Plaintiff cannot bring a Title VII claim against Birchmeier and Tompa. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."). The Sixth Circuit has suggested that "a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the 'alter ego' of the employer." *Little v. BP Exploration &Oil Co.*, 265 F. 3d 357,362. n.2 (6th Cir. 2001). However, "when a corporate employer is already being sued under Title VII an official capacity suit against a supervisor adds nothing to the litigation." *Maudlin v. Inside Out Inc.*, 2014 WL 1342883, at *3 (S.D. Ohio 2014) (citing *Campbell v. Korleski*, 2011 WL 27486411 at *3 (S.D. Ohio 2009)). Because

Covenant is already named in this suit, adding Birchmeier and Tompa would add nothing to the Title VII claim. Therefore, the Court denies Linehan's Motion to File First Amended Complaint to the extent it seeks to add a Title VII claim against Birchmeier and Tompa.

## V. CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion to Dismiss (ECF No. 11.) and **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 17). Plaintiff may file an amended complaint to add her Title VII claim but only against Defendant Covenant. Plaintiff is not permitted to bring a Title VII claim against Defendants Birchmeier and Tompa. Such amended complaint, adding only the Title VII claim and only as to Covenant, shall be filed by **December 8, 2026**.

s/Michael C. Martin
Hon. Michael C. Martin
United States District Judge

Dated: November 24, 2026